## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

WILFRED KEYSER and REID
KLOOTWYK, Derivatively on
Behalf of DESKTOP METAL, INC.,

       Plaintiffs,

  v.

RIC FULOP, JAMES HALEY, ALI EL-
SIBLANI, BILAL ZUBERI, DAYNA
GRAYSON, JEFF IMMELT, LEO
HINDERY, JR., SCOTT DUSSAULT,
STEPHEN NIGRO, STEVE PAPA, WEN
HSIEH, JAMES EISENSTEIN, BYRON
KNIGHT, and ANDY WHEELER,

       Defendants.

Civil Action No.: 1:22-cv-11117-IT

## JOINT MOTION TO STAY ACTION

On July 12, 2022, Plaintiffs Wilfred Keyser and Reid Klootwyk ("Plaintiffs") filed a

shareholder derivative action on behalf of Nominal Defendant Desktop Metal, Inc. ("Desktop

Metal" or the "Company") in this Court for alleged breaches of fiduciary duty and violations of

Section 14(A) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 14a-9

against defendants Ric Fulop, James Haley, Ali El-Siblani, Bilal Zuberi, Dayna Grayson, Jeff

Immelt, Leo Hindery, Jr., Scott Dussault, Stephen Nigro, Steve Papa, Wen Hsieh, James

Eisenstein, Byron Knight, and Andy Wheeler (the "Individual Defendants" and together with

Desktop Metal, "Defendants") captioned *Keyser v. Fulop, et al.*, Case No. 1:22-cv-11117-IT (the

"Keyser Litigation").  Desktop Metal was served with the Keyser Complaint on September 27,

2022, (ECF No. 4), and counsel accepted service on behalf of the Individual Defendants on October 18, 2022 (ECF No. 6).

The same day, Plaintiff Betty Qi ("Plaintiff Qi") also filed a shareholder derivative action on behalf of Desktop Metal in this Court for alleged breaches of fiduciary duty and violations of Section 14(A) of the Exchange Act and SEC Rule 14a-9 against the Individual Defendants captioned *Qi v. Fulop, et al.*, Case No. 22-cv-11118 (the "Qi Litigation").  Defendants have not been served with the Qi Complaint.

On July 22, 2022, Plaintiff Michael Cherry ("Plaintiff Cherry") filed a shareholder derivative action on behalf of Desktop Metal in the United States District Court for the District of Delaware for alleged breaches of fiduciary duty and violations of Section 14(A) of the Exchange Act and SEC Rule 14a-9 against Ric Fulop, James Haley, Ali El-Siblani, Bilal Zuberi, Dayna Grayson, James Eisenstein, Jeff Immelt, Leo Hindery, Jr., Scott Dussault, Stephen Nigro, Steve Papa, and Wen Hsieh (the "Cherry Individual Defendants" and together with Desktop Metal, the "Cherry Defendants") captioned *Cherry v. Fulop, et al.*, C.A. No. 22-962-GBW (the "Cherry Litigation").  Desktop Metal was served with the Cherry Complaint on July 27, 2022 (ECF No. 6), and counsel accepted service on behalf of the Cherry Individual Defendants on August 12, 2022 (ECF No. 7).

On September 29, 2022, this Court in the matter captioned *Luongo v. Desktop Metal, et al.*, Case No. 1:21-cv-12099-IT re-consolidated the four securities class actions pending in this Court (the "Securities Litigation")[1].  The *Luongo* Complaint alleges that Defendant Desktop Metal and certain Individual Defendants (the "Securities Litigation Defendants") violated

---

[1] The four cases that were re-consolidated are *Luongo*, *Hathaway v. Desktop Metal, et al.*, Case No. 1:22-cv-10059-IT, *Guzman-Martinez v. Desktop Metal, et al.*, Case No. 1:22-cv-10173-IT, and *Xie v. Desktop Metal, et al.*, Case No. 1:22-cv-10297-IT.

Sections 10(b) and 20(a) of the Exchange Act (ECF No. 1).  On November 7, 2022, this Court ordered the *Luongo* Lead Plaintiffs to file a consolidated amended complaint on or before December 19, 2022.  (ECF No. 105.)

The Securities Litigation Defendants' motion to dismiss is due on or before February 28, 2023.  (ECF No. 105.)  Pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u–4(b)(3)(B), "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss" and, as a result, until the anticipated motion to dismiss in the Securities Litigation is decided, discovery in the Securities Litigation will be stayed.

In order to ensure economy of time and effort for the Court, for counsel, and for litigants, Plaintiffs and Defendants have agreed that, in light of the overlap between this Action and the Securities Litigation that this Action should be voluntarily stayed on the terms set forth below unless and until: (i) entry of an order finally resolving the motion to dismiss in the Securities Litigation and the exhaustion of all related appeals related; or (ii) any of the Parties to this Stipulation gives a twenty-one (21) day notice that they no longer consent to the voluntary stay of the Action.

The Parties therefore agree as follows:

1.      This Action shall be stayed until: (i) ten (10) business days following the entry of an order finally resolving the motion to dismiss the amended complaint in the Securities Litigation and the exhaustion of all appeals; or (ii) any of the Parties to this joint motion gives a twenty-one (21) day notice that they no longer consent to the voluntary stay of the Action.  Such a stay will promote the efficient and orderly administration of justice by coordinating the prosecution of the Keyser Litigation and the Securities Litigation.

2.      Notwithstanding this voluntary stay, Plaintiffs may file an amended complaint. Defendants shall not be required to move, answer, plead, or otherwise respond to the Complaint (or any amended complaint) during the pendency of the stay of proceedings.

3.      During the pendency of this stay, Defendants expressly reserve all rights, defenses, or other objections other than insufficient process or insufficient service of process.

4.      If during the pendency of the stay of this Action Defendants provide documents to: (i) plaintiffs in the Securities Litigation for any purpose (either litigation, mediation or settlement discussions); (ii) any plaintiff in any derivative action (either litigation, mediation or settlement discussions); or (iii) any shareholder pursuant to any inspection demand pursuant to a Delaware Section 220 demand, Defendants agree to provide the same documents to Plaintiffs in this Action on the same terms they are provided to the respective plaintiff and/or shareholder referenced above in this paragraph, subject to the terms and conditions of an appropriate protective order to be negotiated for this Action.

5.      In the event the parties to the Securities Litigation or to any related derivative action (including any demands or actions pursuant to 8 *Del. C.* § 220), whether threatened or filed, purportedly brought or threatened to be brought on behalf of Desktop Metals arising from substantially similar facts and asserting substantially similar claims as this Action, whether filed in this Court or in another court agree to attend either a court-ordered settlement conference or party-scheduled mediation, Defendants agree to provide Plaintiffs with reasonable advance notice.

6.      Within twenty-one (21) days following the lifting of the stay in accordance with the provisions of this stipulation, the Parties will submit a proposed schedule to the Court

regarding any amended complaint filing by Plaintiffs and Defendants' response to the operative complaint.

7.      All deadlines, hearings, or conferences currently scheduled shall be postponed until the date and time that will be specified in the proposed scheduling order to be submitted by the Parties, or as otherwise set by the Court.

8.      This joint motion is made in full reservation of and without waiver or prejudice of any rights, claims, objections, defenses, arguments, and motions in relation to the complaint filed in this Action, whether jurisdictional, procedural, substantive, or otherwise, that any party may have, including but not limited to the right to challenge the District of Massachusetts as the proper venue or forum for this and the Qi Action.

Dated: December 2, 2022

Respectfully submitted,

/s/ Shannon L. Hopkins
Shannon L. Hopkins
LEVI & KORSINSKY, LLP
1111 Summer Street, Suite 403
Stamford, CT 06905
Telephone: (203) 992-4523
Facsimile: (212) 363-7171
shopkins@zlk.com

/s/ Kristin N. Murphy
Kristin N. Murphy (*pro hac vice*)
LATHAM & WATKINS LLP
650 Town Center Drive
20th Floor
Costa Mesa, CA 92626-1925
Telephone: (714) 540-1235
Facsimile: (714) 755-8290
kristin.murphy@lw.com

Melissa A. Fortunato
Gabriela A. Cardé
BRAGAR EAGEL & SQUIRE, P.C.
810 Seventh Avenue, Suite 620
New York, NY 10019
Telephone: (212) 308-5858
Facsimile: (212) 214-0506
fortunato@bespc.com
carde@bespc.com

William J. Trach (BBO# 661401)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
william.trach@lw.com

*Counsel for Defendants*

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing ("NEF"), and paper copies will be sent December 2, 2022 to those identified as non-registered participants.

/s/ Kristin N. Murphy
Kristin N. Murphy